See also 219 Fed.Appx. 64.

**JIENG BIN LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2668–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Aaron D. Nelson, Law Clerk, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jieng Bin Li, a native and citizen of China, seeks review of the June 6, 2007 order of the BIA affirming the January 21, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jieng Bin Li,* No. A77 353 829 (B.I.A. June 6, 2007), *aff'g* No. A77 353 829 (Im-

mig. Ct. N.Y. City, Jan. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), assuming his credibility for this particular analysis, Li is not eligible for asylum based on the alleged forced abortion of his wife. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (noting that "a claim of persecution based *solely* on a forced abortion" brought by someone other than "the individual who has undergone the procedure . . . is doomed").

An alien may establish eligibility for asylum by demonstrating a well-founded fear that he or she will be subjected to future persecution based on his or her own "other resistance" to a coercive population control program. *Shi Liang Lin,* 494 F.3d at 314 (citing 8 U.S.C. § 1101(a)(42)). Although Li argues in his brief to us that he engaged in his own resistance to the coerced enforcement of China's family planning policy, we decline to consider those arguments because he failed to exhaust them before the agency.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C.

§ 1252(d)(1), petitioners must also raise in their appeal to the BIA the specific issues later sought to be raised in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this exhaustion requirement is mandatory. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Before the BIA, Li argued only that "[t]he crux of [his] claim is that his wife was aborted," and although he described in his brief to the BIA an incident at the hospital that he asserts to us is his own "other resistance," he made no argument to the BIA that he was eligible for relief based on that alleged resistance. Furthermore, because Li's claim before the BIA was thus "based *solely* on his wife's forced [abortion]," *Gui Yin Liu,* 508 F.3d at 723, it follows that he chose intentionally to waive making arguments related to his own alleged resistance "with specificity" before the agency. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007). Despite the government's failure to raise in its brief to us the petitioner's failure to exhaust this issue, moreover, we decline to consider it. *See Lin Zhong,* 480 F.3d at 107 n. 1(b) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue.").

■ Because Li's arguments in his brief to this Court with respect to asylum, withholding of removal, and CAT relief rest entirely on his alleged resistance to China's family planning policy, his failure to exhaust that basis for relief before the agency is fatal to all three claims. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *see also Gui Yin Liu,* 508 F.3d at 723 n. 6. Nonetheless, were we to consider the merits of Li's claim that he otherwise personally resisted China's family planning policy, we would find that claim precluded by the IJ's adverse credibility determination, which is grounded, *inter alia,* in material discrepancies in Li's testimony and between his testimony and documentary evidence and which is supported by substantial evidence.

■ Finally, because Li's brief to this Court does not raise his alleged illegal departure from China as an alternative basis for CAT relief (an argument he advanced in his asylum application but not before the BIA), we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Li's pending motion for a stay of removal in this petition is DISMISSED as moot.